IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN NORRIS, pro per, | ) | 8:10CV248 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| AMERICAN NATIONAL BANK | ) | |
| OF FREMONT, KUTAK ROCK | ) | |
| LLP, AMERICAN EXPRESS | ) | |
| BANK,, FSB, C/O Becket and Lee | ) | |
| LLP, CITY BANK & TRUST, Co, | ) | |
| and JOHN DOES, (Investors) 1- | ) | |
| 10,000, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the court on Plaintiff's Motion for Temporary Restraining Order. (Filing No. 1, part 2.) In his Motion, Plaintiff requests that the court enter an emergency order preventing Defendants from foreclosing on six properties he owns in four different Nebraska counties, including his personal residence located in Elkhorn, Nebraska. (*Id.*)

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiffs' Motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be

considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Plaintiff requests a temporary restraining order which prevents the sale of his home and five other properties pursuant to ongoing state-court foreclosure proceedings. (Filing No. 1.) This court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Gray v. Pagano*, 287 F. App'x 155, 157-58 (3d Cir. 2008) (affirming district court's abstention under *Younger* where state-court foreclosure action was pending and "[a]ny relief that could be granted by the district court would directly impact Pennsylvania's interest in protecting the authority of its judicial system"); *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming district court's abstention where state foreclosure action was pending because all three *Younger* requirements were met).

In light of this, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. In balancing all of the factors, it is apparent that Plaintiff has not alleged, or submitted any evidence showing, that it is probable he will succeed on the merits of his claims.

Although Defendants have not yet been served with summons or filed answers, it is likely that the court will dismiss this matter in accordance with *Younger* principles. Thus, in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Temporary Restraining Order (filing no. 1 (part 2)) is denied.

DATED this 27th day of July, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.